# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

LAWRENCE E. SCHWANKE, D.C., d/b/a
BACK TO BASICS FAMILY
CHIROPRACTIC, a Florida resident,
individually, and as the representative of a
class of similarly-situated persons,

    Plaintiff,

v.                                                                           Case No: 5:16-cv-597-Oc-30PRL

JB MEDICAL MANAGEMENT
SOLUTIONS, INC., MCKESSON
CORPORATION, MCKESSON
BUSINESS PERFORMANCE
SERVICES, MCKESSON
TECHNOLOGY SOLUTIONS,
MCKESSON PROVIDER
TECHNOLOGIES, MCKESSON
TECHNOLOGIES, INC. and JOHN
DOES 1-12,

    Defendants.

## **ORDER**

The McKesson Defendants[1] raise two arguments: The first is that Plaintiff's action for violation of the Telephone Consumer Protection Act ("TCPA") and conversion should be transferred to the District Court for the Northern District of California because it substantially overlaps with a case that was filed there first, or because transferring would

---

[1] The McKesson Defendants are McKesson Corporation, McKesson Business Performance Services, McKesson Technology Solutions, McKesson Provider Technologies, and McKesson Technologies, Inc.

further the interests of convenience and justice. The second argument is that Plaintiff's action should be dismissed for failing to state a cause of action. Because Plaintiff's case does not substantially overlap with the Northern District of California case and because transfer would not further convenience or justice, the case should not be transferred. The Court also concludes that Plaintiff's complaint fails to state a cause of action against all but one of the McKesson Defendants and must be dismissed as to the other defendants.

## FACTUAL BACKGROUND

McKesson Corporation, including its various divisions and subsidiaries, created a medical software product called Medisoft. Medisoft is marketed to healthcare providers nationwide. On October 4, 2012, Plaintiff received an unsolicited fax from Defendant JB Medical Management Solutions, Inc. ("JB Medical") advertising Medisoft and bearing McKesson's name and motto. The fax, though, does not list any particular McKesson entity[2] or any other information identifying what McKesson entity was involved.

Plaintiff claims the unsolicited fax violated the TCPA and unlawfully converted his property. On September 29, 2016, Plaintiff filed a class action against JB Medical, the McKesson Defendants, and 12 John Does. The proposed class is:

---

[2] In an order from the Northern District of California case, the Honorable Judge Donna Ryu explains McKesson's corporate structure, which bears repeating here:

> McKesson Corporation has over 600 subsidiaries or affiliated companies that are separate legal entities; these entities collectively employ 70,400 full-time employees. Many of these entities are subdivided into multiple business units.

*True Health Chiropractic Inc v. McKesson Corp.*, No. 13-CV-02219-HSG-DMR, 2015 WL 5341592, at *2 (N.D. Cal. Sept. 12, 2015).

2

> Every person sent one or more facsimiles from JB Medical at any time after September 29, 2012, about "Medisoft" and which did not state that the fax recipient could request that the sender not send any future fax and that the failure to comply with such a request within 30 days would be unlawful.

(Doc. 1, ¶ 36). The Complaint does not make specific allegations about any of the McKesson Defendants; instead it lumps all McKesson Defendants together and accuses them jointly of sending the fax or having it sent on their behalf.

The McKesson Defendants now move to transfer this case to the Northern District of California or, alternatively, dismiss the Complaint. In support of transfer, the McKesson Defendants explained that there was a 2013 lawsuit filed in the Northern District of California accusing McKesson Corporation and McKesson Technologies, Inc. ("MTI") of violating the TCPA by sending unsolicited faxes advertising Medisoft and other McKesson Corporation products. The McKesson Defendants argue that Plaintiff here, as well as his proposed class, is either subsumed by the class in the previously filed case or is substantially similar enough to merit transfer under the first-to-file rule or pursuant to 28 U.S.C. section 1404(a).

As the parties' filings show, the proposed class in the Northern District of California case was:

> All persons or entities who received faxes from "McKesson" from September 2, 2009, to May 11, 2010, offering "Medisoft," "Lytec," or "Revenue Management Advanced" software or "BillFlash Patient Statement Service," where the faxes do not inform the recipient of the right to "opt out" of future faxes.

(Doc. 32–2). The Honorable Judge Haywood Gilliam, Jr. denied class certification on August 22, 2016 (Docs. 25–4 and 32–1), a decision which has been appealed to the Ninth Circuit Court of Appeals.

## DISCUSSION

### A. Motion to Transfer

The McKesson Defendants provide two bases for the Court to transfer this case. First, the McKesson Defendants argue that the application of the first-filed or first-to-file rule compels transfer given the substantial overlap between this case and the Northern District of California case. Second, the McKesson Defendants argue that transfer under section 1404(a) is appropriate because transferring would further the interests of convenience and justice. As explained below, the Court concludes transfer is inappropriate because there is no substantial overlap between the cases and because transferring would not further the interests of convenience or justice.

### 1. There is no substantial overlap warranting application of the first-filed rule.

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). "The first-filed rule not only determines which court may decide the merits of substantially similar cases, but also generally establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013). If a party shows the two cases substantially overlap, then the party

objecting to jurisdiction in the first-filed forum must prove compelling circumstances to warrant an exception to the rule. *Manuel*, 430 F.3d at 1135; *Schwartz v. Frito-Lay N. Am.*, No. C-12-02740 EDL, 2012 WL 8147135, at *3 (N.D. Cal. Sept. 12, 2012).

To determine whether there is substantial overlap warranting application of the first-filed rule, the Court must consider the following factors: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Rudolph & Me, Inc. v. Ornament Cent., LLC.*, No. 8:11-CV-670-T-33EAJ, 2011 WL 3919711, at *2 (M.D. Fla. Sept. 7, 2011). This Court has also previously explained that "[t]he applicability of the first-filed rule is not limited to mirror image cases where the parties and the issues perfectly align. Rather, the principles underlying the rule support its application where the subject matter of the later filed case substantially overlaps with that of the earlier one." *Benjamin Franklin Franchising, LLC v. On Time Plumbers, Inc.*, No. 8:14-CV-1209-T-30AEP, 2014 WL 4683271, at *5 (M.D. Fla. Sept. 19, 2014).

In considering the second and third factors,[3] the Court concludes there is no substantial overlap between the cases. While the parties overlap to an extent—two of the McKesson Defendants are also defendants in the Northern District of California case—the overlap is not substantial. Even if the Ninth Circuit overturns Judge Gilliam's ruling denying class certification, Plaintiff would not be a qualifying member of the proposed class since the class was limited to persons who received a fax on or before May 11, 2010, and Plaintiff did not receive the subject fax until October 4, 2012. The proposed class in

---

[3] The parties agree the Northern District of California case was filed first. (Doc. 32, p. 6).

this case also does not overlap given the different time periods involved. As such, the overlap between the parties is not substantial.

The Court is also not convinced that the McKesson Defendants have shown there is substantial overlap of the issues in the two cases. Certainly both cases involve allegations of TCPA violation for junk faxes advertising Medisoft. But the Northern District of California case involves faxes sent from McKesson Corporation and MTI, whereas the faxes here were sent by JB Medical. That distinction is important because McKesson Corporation and MTI defeated class certification in the Northern District of California case by arguing that the factual issues involving preexisting relationships between McKesson Corporation and MTI employees and the fax recipients trumped any common issues across the proposed class. (Docs. 25–4 and 32–1). This case does not appear to have those same issues since the McKesson Defendants are not accused of transmitting the faxes. Thus, the McKesson Defendants have not shown the issue substantially overlap.

### 2. Transferring does not further convenience or justice

Section 1404(a) allows a court to transfer a case to another district where the case could have been filed[4] "for the convenience of parties and witnesses" and "in the interest of justice." The following factors are relevant to determining whether to transfer:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight

---

[4] Plaintiff does not argue the case could not have been filed in the Northern District of California.

accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel*, 430 F.3d at 1135 n.1. The movant has the burden of proving these factors weigh in favor of transfer, and a plaintiff's choice of forum is to be afforded considerable deference. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). But a plaintiff's forum choice is not given the same deference when the plaintiff is a class representative. *Moghaddam v. Dunkin Donuts, Inc.*, No. 02-60045-CIV-ZLOCH, 2002 WL 1940724, at *3 (S.D. Fla. Aug. 13, 2002) (citing *Koster v. Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)).

Having considered the above factors, the Court concludes the McKesson Defendants have not shown that transfer would be more convenient. Neither party has identified specific witnesses, so convenience of witnesses does not weigh in favor of transfer. *Nat'l Trust Ins. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, No. 3:16-CV-695-J-34PDB, 2016 WL 7197397, at *4 (M.D. Fla. Dec. 9, 2016). And after resolution of the motion to dismiss (discussed below), there will be one party in California and one in Florida, making California no more convenient for the parties than the current venue.[5] *Mason v. Smithkline Beecham Clinical Labs.,* 146 F. Supp. 2d 1355, 1361 (S.D. Fla. 2001) ("[w]here a transfer 'merely shifts the inconvenience from one party to another, Plaintiff's choice of forum should remain.' " (quoting *Eye Care Int'l, Inc. v. Underhill,* 119 F.Supp.2d 1313, 1319 (M.D.Fla.2000)). The McKesson Defendants concede the

---

[5] JB Medical, although apparently headquartered in California, has not appeared in this case, so its location does not weigh into the Court's consideration of this factor. The Court reminds Plaintiff that it is permitted to seek a default pursuant to Federal Rule of Civil Procedure 55, if appropriate.

availability of compulsory process for non-party witnesses does not weigh in favor of transfer. (Doc. 25, p. 15). And finally, because Plaintiff's Florida common law conversion claim should not be dismissed (also discussed below), public interest considerations favor keeping the case in this district.[6] *See Cellularvision Tech. & Telecommunications, L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1192 (S.D. Fla. 2007) (noting a public interest in "having localized controversies decided at home."); *see also Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–9, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); and *Ford v. Brown,* 319 F.3d 1302, 1307 (11th Cir. 2003).

The McKesson Defendants also have not shown that transfer would further the interests of justice. The gist of their arguments on this issue hinge on the premise that this case overlaps with the Northern District of California case. As explained above, though, the McKesson Defendants have not convinced the Court that the cases substantially overlap. So the McKesson Defendants' argument that transfer would further the interests of justice is rejected.

### 3.  Conclusion on Motion to Transfer

The McKesson Defendants have not met their burdens. They have not shown that this case substantially overlaps with the first-filed case because both the parties and issues are different. And they have not shown that transferring the case would be more convenient or further the interests of justice. Accordingly, the motion to transfer is denied.

---

[6] The McKesson Defendants do not address the remaining factors in their motion, so the Court assumes the McKesson Defendants concede those factors do not weigh in favor of transfer.

### B. Motion to Dismiss

#### 1. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Furthermore, they must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson*, 551 U.S. at 93–94.

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).Words here.

#### 2. Complaint fails to state cause of action against McKesson Defendants because it does not identify their participation or involvement

The McKesson Defendants argue the Complaint should be dismissed for two reasons. First, they argue the Complaint fails to state a cause of action because Plaintiff

lumps the five McKesson Defendants together without differentiating what each of the Defendants did. Second, they argue that the conversion count should be dismissed because the loss is *de minimis*. The Court agrees with both arguments, but only the first has merit.

Although the Complaint properly pleads a claim for a TCPA violation, it lacks the factual specificity for each of the McKesson Defendants to know what they are accused of doing that makes them liable for sending the fax. This sort of lumping together of defendants without specifying the acts or omissions each committed is prohibited. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (admonishing as a shotgun pleading a complaint that commits "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions"). Of course, Plaintiff may not yet know exactly which entity played what role (after all, McKesson Corporation has more than 600 subsidiaries and has apparently reorganized its corporate structure since the fax was sent). So the Court finds it fair to dismiss the Complaint as to all McKesson Defendants except McKesson Corporation and allow Plaintiff to conduct discovery so it can determine what other entities may be proper defendants to this action. The statutes of limitations will also be tolled to give Plaintiff time to conduct discovery.

As to the McKesson Defendants' second argument, the Court is bound to reject it. As the Eleventh Circuit explained when reversing a district court that dismissed a conversion claim involving a junk fax as *de minimis* under nearly identical circumstances, "Although the value of such an interruption is undoubtedly minimal, that does not warrant the dismissal of the claim." *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S.,*

*P.A.*, 781 F.3d 1245, 1259 (11th Cir. 2015). Though this Court finds Judge Hinkle's dissent more compelling, *id.* at 1261–62, the Court must apply the binding law nonetheless.

That said, the Court is not only concerned with the damages to which Plaintiff might be entitled in the conversion count, but also with the damages class members might be entitled to for the alleged TCPA violation. While damages are immaterial to resolution of the current motion, it will be an important consideration the parties should address when Plaintiff seeks to certify the class. *See Dickens v. GC Servs. Ltd. P'ship*, No. 8:16-CV-803-T-30TGW, 2016 WL 6681468, at *5–9 (M.D. Fla. Nov. 14, 2016).

Accordingly, it is ORDERED AND ADJUDGED that:

1. The McKesson Defendants' Corrected Motion to Transfer or Dismiss (Doc. 25) is GRANTED in part, as follows:

    a. The McKesson Defendants' motion to transfer is DENIED.

    b. The McKesson Defendants' motion to dismiss is GRANTED.

    c. The Complaint is DISMISSED without prejudice as to McKesson Business Performance Services, McKesson Technology Solutions, McKesson Provider Technologies, and McKesson Technologies, Inc.

2. The statutes of limitations for both the TCPA and conversion claims are hereby tolled until June 9, 2017, so Plaintiff can conduct discovery to determine whether any other McKesson Defendants are proper defendants to this action, at which time the Court will consider any appropriate motion from Plaintiff.

3. The McKesson Defendants' Motion for Leave to File Reply Memorandum (Doc. 38) is DENIED as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of January, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record