**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

LAWRENCE E. SCHWANKE, DC, a
Florida resident, individually and as the
representative of a class of similarly-
situated persons

    Plaintiff,

v.                                       Case No: 5:16-cv-597-Oc-30PRL

JB MEDICAL MANAGEMENT
SOLUTIONS, INC., MCKESSON
CORPORATION and JOHN DOES 1-12

    Defendants.

## ORDER

Before the Court is Plaintiff Lawrence E. Schwanke, D.C.'s, motion to either strike or overrule Defendant McKesson Corporation's objections to a subpoena duces tecum, which was served on a third party. (Doc. 50). The motion also seeks the imposition of sanctions against McKesson. As set forth *infra*, the parties shall meet and confer on the relief that Plaintiff seeks and the instant motion is due to be denied without prejudice at this time.

In his Complaint, Plaintiff asserts class action claims alleging that McKesson and other Defendants, including JB Medical Management Solutions, Inc., "sent advertisements by facsimile in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227" and "[b]y sending advertisements to their fax machines, Defendants improperly and unlawfully converted the class's fax machines to Defendants' use."[1] (Doc. 1 at ¶¶1, 77). Specific to Plaintiff, he asserts that he

---

[1] To date, it appears that JB Medical has not appeared in this action. (*See* Docs. 11; 50 at p.4).

"received a fax advertising McKesson's Medisoft practice management and electronic health record software" that "does not include the mandatory opt-out notice required by the [Telephone Consumer Protection Act]." (Doc. 1 at ¶¶6, 32).

As this case has progressed, Plaintiff identified a company named WestFax, Inc., as "the likely fax broadcaster involved in the" fax at issue here.[2] (Doc. 50 at p.5). Then Plaintiff issued WestFax a subpoena duces tecum under Federal Rule of Civil Procedure 45. (Docs. 50-1, 50-2, 50-3). According to WestFax's counsel, WestFax complies with such subpoenas unless there is an objection to the requested production, and, if an objection has been lodged, "Westfax waits to respond until the parties resolve the objection or the Court orders Westfax to respond." (Docs. 50 at p.5; 50-5).

And this is where McKesson enters the fray. McKesson apparently sent Plaintiff and WestFax seventeen pages of objections to the subpoena on February 21, 2017. (Docs. 50 at p.5; 50-4). Since February, Plaintiff and McKesson have conferred several times in late March, attempting to resolve McKesson's objections. (Doc. 50 at pp.5–7). Indeed, attached to Plaintiff's motion are numerous emails between Plaintiff's counsel and McKesson's counsel that show how the parties have attempted to resolve McKesson's objections. (Docs. 50-6, 50-11, 50-13).

As a result of these conferences, the parties have resolved some of McKesson's objections and appear to agree that Plaintiff should only receive documents from WestFax dated after September 29, 2012, but according to Plaintiff the parties are at an impasse over whether further

---

[2] From what the Court can garner, it appears that Defendant JB Medical, not McKesson, hired (or was at least billed by) WestFax to broadcast the faxes at issue. (*See* Docs. 50 at p.6; 54 at p.2).

WestFax document production should be limited—as McKesson argues—to only fax broadcasts that reference "Medisoft" in the "Item Description" of the faxes invoices.[3]  (Doc. 50 at pp.7–8).

Based on this impasse, Plaintiff filed the instant motion.  In it, Plaintiff seeks to either strike McKesson's objections to the third party subpoena as McKesson (according to Plaintiff) lacks standing to object and has otherwise waived its ability to object, or, in the alternative, to overrule McKesson's objections under Fed. R. Civ. P. 26(b)(1).  (Doc. 50 at pp.11–12).  Plaintiff also seeks here sanctions against McKesson as "McKesson's obstructive behavior in refusing to allow WestFax to produce relevant documents as to which McKesson has no 'personal right' or privilege is improper."  (Doc. 50 at pp.13–15).

Now, as I stated *supra*, the motion before me lays out email communications between the parties in which their counsel discuss McKesson's objections to the subpoena duces decum.  Yet despite these communications and though Plaintiff's motion recites that "Plaintiff's counsel attempted in good faith to resolve these disputes with McKesson's counsel and WestFax's counsel, by correspondence and telephone conferences, without success" (Doc. 50 at p.1), conspicuously missing from the motion is any Local Rule 3.01(g) *certification* (or any certification under Fed. R. Civ. P. 37).  *See* Rule 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to

---

[3] In contrast to McKesson's position, Plaintiff contends that the "Medisoft" limitation should not be imposed and the "documents sought from WestFax are limited to broadcasts ordered by JB Medical during the relevant time frame;" the "documents sought from WestFax are relevant to the total liability at issue in this case;" "[a] limitation to documents referencing 'medisoft' is not possible because WestFax and McKesson do not know the content of all fax broadcasts ordered by JB Medical;" "McKesson does not know the content of the subpoenaed materials, and so cannot validly contend they are irrelevant;" "WestFax can easily produce the requested documents without burden or expense; and, McKesson will not be exposed to any burden or expense if WestFax produces the requested information."  (Doc. 50 at p.2).

make disclosure or discovery in an effort to obtain it without court action."); L.R. 3.01(g) ("Before filing any motion in a civil case . . . , the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion.").

And consistent with my observation, McKesson—in its response to Plaintiff's motion—argues that Plaintiff's motion should be denied as "Plaintiff's counsel failed to submit the meet and confer certification that Local Rule 3.01(g) requires." (Doc. 54 at pp.7–8). And, under the circumstances, I agree with McKesson.

Indeed, Plaintiff's own evidence fails to show that it and McKesson discussed a potential motion to strike or to overrule McKesson's objections (much less a motion for sanctions against McKesson). Plaintiff's evidence, instead, shows only that Plaintiff's counsel discussed a potential "motion to compel" that would, most naturally, be directed to the party withholding the requested documents—WestFax—not McKesson. *See* (Doc. 50-13 at p.1) (Plaintiff's counsel, Jim Smith, states in an email to McKesson's counsel on March 24, 2017, "I'd like to know how many [sic] are being withheld due to McKesson's objections for the motion to compel I'm drafting"). So, though it is clear that Plaintiff and McKesson have discussed and resolved some (or perhaps many) of McKesson's objections to the third party subpoena issued to WestFax, I submit that there is no indication that the parties have met and conferred on a motion to strike or to overrule McKesson's remaining objections; on McKesson's lack of standing or waiver of a right to object to the third party subpoena; or on Plaintiff's instant request for sanctions against McKesson. And McKesson certainly disputes its purported lack of standing, its purported waiver of a right to object, whether its objections should be overruled, whose burden it is to show that the

documents sought are relevant to this case, and whether sanctions should be imposed against it. (Doc. 54 at pp.8–14).[4]

Put differently, I cannot say here that the parties have meaningfully conferred on the substance of their dispute. *Regions Bank v. Legal Outsource PA*, No. 214CV476FTM29MRM, 2016 WL 7228738, at *2 (M.D. Fla. Mar. 10, 2016) (denying a motion to compel and finding the movants "failed to satisfy their obligations under both rules because the parties never *meaningfully conferred or attempted to confer in good faith—whether in person, by telephone, or in writing—on the substance of their dispute*") (emphasis added). This failure is sufficient to require the parties to comply with the strictures and spirit of the meet and confer rules. *See Miller v. Summers*, No. 214CV347FTM38DNF, 2015 WL 12859329, at *2 (M.D. Fla. Sept. 25, 2015) (denying a motion to strike when the movant "did not provide the requisite certification of conferring with opposing counsel"); *Esrick v. Mitchell*, No. 5:08-CV-50-OC-10GRJ, 2008 WL 5111246, at *1 (M.D. Fla. Dec. 3, 2008) ("Failure to comply with the good faith certification requirement of Rule 37(a)(1) and Local Rule 3.01(g) constitutes sufficient grounds to deny the relief sought by the noncompliant moving party."); *cf. Scottsdale Ins. Co. v. Physicians Grp., LLC*, No. 8:15-CV-1129-T-23AAS, 2016 WL 3425675, at *1 (M.D. Fla. June 22, 2016) ("Due to the failure of Plaintiff's counsel to properly confer with opposing counsel prior to filing the Motion to Compel, an award of attorney's fees is not proper and should not be awarded.").

---

[4] (*See also* Doc. 54 at pp.6–7) (noting that after March 24, 2017 email that mentions a potential motion to compel, "Plaintiff's counsel then unilaterally ended the discussion. Plaintiff, however, never filed a motion to compel. Nor did Plaintiff's counsel inform McKesson that Plaintiff was planning to file a motion to strike McKesson's objections, let alone meet and confer about that motion. Over a month after abruptly ending discussions regarding the Westfax subpoena, Plaintiff filed the instant motion to strike. At no time during the parties' discussions did Plaintiff's counsel state that McKesson lacked standing to assert objections to the Westfax subpoena.") (citations omitted).

Lastly, I note that Plaintiff and McKesson also disagree over whether McKesson itself has complied with Plaintiff's discovery request. (*Compare* Doc. 50 at p.3, n.1) ("To date, McKesson Corporation has refused to produce even one piece of paper to Plaintiff in response to Plaintiff's written discovery requests, and Plaintiff will be filing motions to address McKesson's dilatory conduct in this regard if meet-and-confer efforts do not quickly resolve those disputes.") *with* (Doc. 54 at p.4, n.1) (noting that Plaintiff's assertion is false and that "[p]ursuant to Federal Rule of Civil Procedure 26(a)(1)(i), McKesson Corporation agreed to search for and produced documents responsive to Plaintiff's proper requests, and set forth a reasonable time in which it would produce documents after a protective order was entered to protect against the improper disclosure of confidential information," that the parties have filed a joint motion for entry of a protective order, and that McKesson informed Plaintiff that McKesson is not in possession of certain documents related to core issues in this case). To the extent the parties have yet to meet and confer on these issues, they should.

Accordingly, Plaintiff's motion (Doc. 50) is **DENIED WITHOUT PREJUDICE** to allow the parties an additional opportunity to meet and confer. Likewise, to the extent that McKesson requests in its response entry of "a Protective Order limiting the scope of the Westfax subpoena to information concerning only faxes that JB Medical sent about the Medisoft product at issue in this case" (Doc. 54 at p.14), that request is also **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Ocala, Florida on May 23, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties